**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 97-20291

(Summary Calendar)
_____

SCOTT PALMER,

Plaintiff - Appellant,

versus

JOHN WYETH; S O WOODS, JR; BILL G CHEATMAN;
VICTOR RODRIGUEZ; MELINDA BOZARTH,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(H-97-CV-42)

November 9, 1998

Before EMILIO M. GARZA, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Scott Palmer, Texas prisoner #660844, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against various members of the Texas Board of Pardons and Paroles ("Board").  He also appeals the district court's denial of his motion for appointment of counsel, his motion to proceed _in forma pauperis_ on appeal and his motion to recuse.  We affirm.

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Palmer alleges that when he was interviewed by John Wyeth for the purpose of gathering information that one day would be used to determine Palmer's eligibility for parole, Wyeth inserted various erroneous pieces of information into Palmer's prison file. Palmer further alleges that when he later was interviewed by an unnamed parole counselor while in the prison psychiatric ward, the counselor failed to ascertain the accuracy of Palmer's file and to correct the erroneous information that Wyeth had inserted into Palmer's file. Palmer asserts that as a result of the actions of Wyeth and the unnamed prison counselor, the Board erroneously refused to grant him parole. Palmer claims that all of these actions violated due process. He seeks compensatory and punitive damages.

## II

The district court dismissed Palmer's claims as frivolous because (1) "an inmate does not have a federal constitutional right to be released prior to the expiration date of his sentence" and "there is no right to parole under Texas law," (2) Palmer failed to show "that the Board's decision was declared invalid or otherwise called into question" and (3) a petition for a writ of habeas corpus, rather than a § 1983 suit, was the appropriate vehicle for Palmer to "attack the result of a hearing concerning his release date." *See* 28 U.S.C. § 1915A (1997).[1] The district court also

---

[1] Section 1915A applies to prisoners, like Palmer, who have paid the required filing fee. *See Martin v. Scott,* ___ F.3d ___, ___, 1998 WL 650992, at *1 (5th Cir. 1998) (per curiam).

denied Palmer's motion for appointment of counsel. *See id.* § 1915(e)(1) (1997). It then entered a final judgment. After filing a notice of appeal, Palmer moved to proceed *in forma pauperis* on appeal ("IFP motion"). *See* FED. R. APP. P. 24(a). He subsequently sought recusal of the district court because of delays in rulings on his IFP motion[2] and his motion to compel a ruling on the IFP motion, and because of the earlier rulings against him. *See* 28 U.S.C. §§ 144, 455 (1994).[3] The district court denied the IFP motion,[4] the motion to compel a ruling on the IFP motion and the motion to recuse. Palmer filed a second notice of appeal challenging the denial of the IFP motion and the motion to recuse.[5]

### III

We review the dismissal of Palmer's claims as frivolous for abuse of discretion. *See Martin,* ___ F.3d at ___, 1998 WL 650992, at *1. "A complaint is frivolous if it lacks an arguable basis in law or fact, such as when a prisoner alleges violations of a legal

---

[2] When Palmer filed his motion to recuse, the IFP motion had been pending for slightly more than two months. The district court had ruled on the motion to compel a ruling on the IFP motion about a week before the motion to recuse had been filed.

[3] Palmer attached an affidavit to his motion to recuse in accordance with 28 U.S.C. § 144.

[4] The district court cited the frivolousness of Palmers' claims as the reason for denying the IFP motion. *See Baugh v. Taylor,* 117 F.3d 197, 202 n.21 (5th Cir. 1998) ("it often may suffice for the district court to incorporate by reference its decision dismissing the prisoner's complaint on the merits with or without supplementation, as the trial court deems appropriate, to fully apprise us of the reasons for its certification [that the appeal is not taken in good faith].").

[5] The district court denied a second motion to proceed *in forma pauperis* on appeal made after Palmer filed his second notice of appeal. Palmer does not appeal this ruling.

interest that does not exist." *Id.*

We find no abuse of discretion in the dismissal of Palmer's claims as frivolous.  Palmer alleges that Wyeth inserted false information into his prison file and that the Board erroneously denied him parole because it relied on the false information inserted into his file by Wyeth in violation of due process.  As Texas law creates no protected liberty interest in parole, *see Johnson v. Martinez,* 110 F.3d 299, 308-09 & n.13 (5th Cir. 1997) (rejecting Texas prisoner's due process claim alleging "that the Board considers unreliable or false information in making parole determinations" because a prisoner possesses no liberty interest in state parole procedures), *cert. denied,* ___ U.S. ___, 118 S. Ct. 559, 139 L. Ed. 2d 400 (1997), we conclude that the district court did not abuse its discretion in dismissing Palmer's claims as frivolous.[6]

IV

We review the denial of Palmer's motion for appointment of counsel for abuse of discretion.  *See Pedraza v. Jones,* 71 F.3d 194, 197 (5th Cir. 1997) (reviewing denial of motion for appointment of counsel under predecessor statute).[7]  "There is no

---

[6]    We find no need to consider the other reasons given by the district court for dismissing Palmer's claims as frivolous))that Palmer failed to show "that the Board's decision was declared invalid or otherwise called into question," *see Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), and that a petition for a writ of habeas corpus, rather than a § 1983 suit, was the appropriate vehicle for Palmer to "attack the result of a hearing concerning his release date," *see Davis v. Fetchel,* 150 F.3d 486, 490 (5th Cir. 1998).

[7]    As the current appointment of counsel statute mirrors its predecessor, we still adhere to the jurisprudence developed under its predecessor.  *Compare* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney

-4-

automatic right to the appointment of counsel in a section 1983 case.  Furthermore, a district court is not required to appoint counsel in the absence of 'exceptional circumstances' which are dependent on the type and complexity of the case and the abilities of the individual pursuing that case." *Cupit v. Jones,* 835 F.2d 82, 86 (5th Cir. 1987) (decision under predecessor statute).

We find no abuse of discretion in the denial of Palmer's motion for appointment of counsel.  This case did not involve exceptional circumstances, and Palmer proved quite able to pursue it.  *See Jackson v. Cain,* 864 F.2d 1235, 1242 (5th Cir. 1989) (finding no abuse of discretion where case was not complex and the plaintiff, a prisoner, had been capable of self-representation). We, therefore, hold that the district court did not abuse its discretion in denying Palmer's motion for appointment of counsel.

V

We reject Palmer's appeal of the denial of his IFP motion. This appeal is inappropriate.  To challenge the denial of his IFP motion, Palmer must file a motion to proceed *in forma pauperis* on appeal, not an appeal, with us.  *See* FED. R. APP. P. advisory committee's note; *Baugh,* 117 F.3d at 202; *United States v. Boutwell,* 896 F.2d 884, 890 (5th Cir. 1990) (Gee, J.).  Moreover, even assuming that Palmer's second notice of appeal is a motion to proceed *in forma pauperis* on appeal, we deny it because Palmer's

---

to represent any person unable to afford counsel.") *with id.* § 1915(d) (1994) (superseded) ("The court may request an attorney to represent any such person unable to employ counsel . . . .").

claims are frivolous.[8]  *Cf. Jackson v. Dallas Police Dep't,* 811 F.2d 260, 261 (5th Cir. 1986) (granting motion to proceed *in forma pauperis* on appeal because plaintiff presented a non-frivolous appeal (i.e., the legal points were arguable on their merits)).

## VI

We review the denial of Palmer's motion to recuse for abuse of discretion.[9]  *See In re Hipp, Inc.,* 5 F.3d 109, 116 (5th Cir. 1993) (addressing recusal motion brought under § 455); *United States v. MMR Corp.,* 954 F.2d 1040, 1044 (5th Cir. 1992) (addressing recusal motion brought under § 144).  We find no abuse of discretion.  The district court was not required to recuse itself because of its rulings against Palmer.  *See Hipp,* 5 F.3d at 116 ("Adverse rulings against the defendant in the same or a prior judicial proceeding do not render the judge biased.").  Nor did its delay in ruling on motions necessitate recusal.  *See Rafferty v. NYNEX Corp.,* 60 F.3d 844, 847-48 (D.C. Cir. 1995) (per curiam) (rejecting call for recusal based on the mere fact of unfavorable rulings and delays in ruling on motions); *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (applying Fifth Circuit's standard for

---

[8]  "[W]here the merits are so intertwined with the certification decision as to constitute the same issue," we may "determin[e] the merits of the appeal as well as the appropriateness of [pauper] . . . status." *Baugh,* 117 F.3d at 202.

[9]  We agree with Palmer that 28 U.S.C. § 1291 provides us with jurisdiction over the denial of his post-judgment motion to recuse. *See Ohntrup v. Firearms Ctr., Inc.,* 802 F.2d 676, 678 (3d Cir. 1986) (holding order denying counsel's post-judgment motion to withdraw appealable under 28 U.S.C. § 1291); 15B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3916 (2d ed. 1992) ("The finality requirement [to bring an appeal under § 1291] is met by orders entered after final judgment, too late or too collateral to be reviewed effectively on appeal from the final judgment, upon complete disposition of the post-judgment proceeding.").

recusal under § 455 based on judicial remarks and rulings)("Neither the district judge's delay, nor his adverse rulings, constitute the sort of 'pervasive bias' that necessitates recusal."); *West v. United States,* 994 F.2d 510, 512 (8th Cir. 1993) ("While the delays in ruling on the [petitioner's] . . . section 2255 motion were unfortunate, they do not evidence bias."). We, therefore, conclude that the district court did not abuse its discretion in denying Palmer's motion to recuse.

## VII

We AFFIRM the dismissal of Palmer's claims as frivolous, the denial of Palmer's motion for appointment of counsel and the denial of Palmer's motion to recuse, and DENY Palmer's IFP motion.